1  Alan S. Gutman, SBN 128514
   John Juenger, SBN 225201
2  GUTMAN LAW
   433 North Camden Drive, Suite 960
3  Beverly Hills, CA 90210-4413
   Telephone: 310-385-0700
4  Facsimile: 310-385-0710
           email: alangutman@gutmanlaw.com
5              jjuenger@gutmanlaw.com

6  Attorneys for Plaintiff REYA LLC

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  REYA LLC,                        )   Case Number
                                     )   5:18-CV-1580-FMO-SHK
12        Plaintiff,                 )
                                     )
13  vs.                              )   **DEFENDANT REYA LLC'S
                                     )   NOTICE OF MOTION AND
14  SPY DIALER, INC.,                )   MOTION TO REMAND;
                                     )   REQUEST FOR ATTORNEY'S
15        Defendant.                 )   FEES PURSUANT TO 28 U.S.C. §
                                     )   1447(c); MEMORANDUM OF
                                     )   POINTS AND AUTHORITIES**
16
                                         **[FILED CONCURRENTLY WITH
17                                       DECLARATION OF JOHN
                                         JUENGER; [PROPOSED] ORDER]**
18
                                         **DATE:      SEPTEMBER 27, 2018
19                                       TIME:       10:00 AM
                                         CTRM:       6D**
20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE THAT on September 27, 2018 at 10:00 a.m., or as

23  soon thereafter the matter may be heard, before the Honorable Fernando M. Olguin,

24  in Courtroom 6D of the United States District Court, Central District of California,

25  located at 350 West 1st Street, 6th Floor, Los Angeles, CA 90012, Defendant Reya

26  LLC will move to remand this action to the Riverside Superior Court, and for an

27  award of attorney's fees in the amount of $1,700 pursuant to 28 U.S.C. § 1447(c). The

28  grounds for this motion are that Defendant Spy Dialer, Inc.'s notice of remand was

1  filed untimely.

2      The motion shall be based on this notice of motion, the attached memorandum

3  of points and authorities, the concurrently filed declaration of John Juenger and the

4  attached exhibits, the Court's file, the oral argument of counsel, and such further

5  argument or evidence as may properly be presented to this Court prior to or at the

6  hearing.

7      This motion is made following the conference of counsel pursuant to L.R. 7-3,

8  which took place on August 3, 2018.

9  Dated: August 24, 2018                    GUTMAN LAW

10

11                                      By:  ___/s/ John Juenger___
                                                John Juenger
12                                          Attorneys for Defendant
                                            REYA LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

More than two months after it *answered* the Complaint filed in the Riverside Superior Court, Defendant Spy Dialer, Inc. ("Spy Dialer") filed a notice of removal. The notice of removal makes clear that Spy Dialer understood there was a basis for removal when it received the Complaint, but it offers no explanation as to why the notice was not filed within 30 days as required by 28 U.S.C. 1446(b)(1). There was no subsequent paper from which Spy Dialer could ascertain that the action became removable so as to trigger 28 U.S.C. § 1446(b)'s second 30-day window.

There is no question that Spy Dialer's notice of removal was untimely. Therefore, the motion to remand must be granted.

## II.   STATEMENT OF FACTS

On November 22, 2017, Spy Dialer filed an action against the plaintiff in this action, Reya LLC ("Reya"), in the United States District Court for the Eastern District of Virginia, Case No. 1:17-cv-1345-AJT-IDD, alleging, *inter alia*, violations of the Computer Fraud and Abuse Act (28 U.S.C. § 1030) and the Electronic Communications Privacy Act (28 U.S.C. § 2510). [*Juenger Decl., ¶ 2.*] That action was dismissed on jurisdictional grounds pursuant to a motion brought under Fed.R.Civ.P. Rule 12(b)(6) in March 2018. **[***Id.***]**

Reya filed the verified Complaint in this matter, which sought declaratory relief relating to the allegations Spy Dialer made in the Eastern District of Virginia action, in the Riverside Superior Court on March 22, 2018, Case No. MCC1800300. [*Juenger Decl., ¶ 3.*] Spy Dialer was served with the Complaint on or about April 10, 2018. [*Juenger Decl., ¶ 4.*] Spy Dialer filed a verified Answer on May 10, 2018. [*Juenger Decl., ¶ 5; Exhibit A.*]

Spy Dialer filed the action styled *Spy Dialer, Inc. v. Reya LLC*, United States District Court for the Central District of California, Case No. 5:18-CV-1178-FMO-

1   SHK, on May 31, 2018. [*Juenger Decl., ¶ 6.*]

2       In this action, Reya filed a demurrer to the Answer that Spy Dialer did not

3   oppose, which was sustained by the Riverside Superior Court on July 12, 2018.

4   [*Juenger Decl., ¶ 7; Exhibit B.*] Reya did not file an amended answer.

5       Reya propounded written discovery in this action, and granted Spy Dialer's

6   request for an extension until July 30, 2018 to respond. [*Juenger Decl., ¶ 8; Exhibit*

7   *C.*] Spy Dialer never served any discovery responses. [*Juenger Decl., ¶ 8.*]

8       Spy Dialer filed its notice of removal on July 26, 2018. [*Dkt. No. 1.*] In the

9   notice of removal, Spy Dialer contends that "[t]he interested parties and factual basis

10  for Plaintiff's Complaint are identical to those of an action filed by Defendant with

11  the United States District Court of California for the Central District of California,

12  Eastern Division, entitled *Spy Dialer, Inc. v. Reya LLC*, as Case Number 5:18-CV-

13  1178." [*Dkt. No. 1, ¶ 3.*] The notice of removal states that federal jurisdiction is

14  proper because Spy Dialer's action alleges causes of action arising under the laws of

15  the United States, and because the parties are diverse and the amount in controversy

16  exceeds $75,000. [*Dkt. No. 1, ¶¶ 6-12.*] Spy Dialer does not explain why it waited

17  more three months from the time it was served, and after an answer was filed and an

18  extension to respond to discovery was granted, to file the notice of removal. [*Dkt. No.*

19  *1.*] There is no explanation as to how the notice of removal could possibly be timely.

20      On August 2, 2018, Reya's counsel sent Spy Dialer's attorneys a meet and

21  confer letter explaining that the notice of removal was untimely, and therefore a

22  motion to remand would be granted. [*Juenger Decl., ¶ 9; Exhibit D.*] The letter

23  further explained that costs and expenses would be awarded pursuant to 28 U.S.C. §

24  1447(c), since Spy Dialer knew the motion was untimely and it therefore lacked an

25  objectively reasonable basis for seeking removal. [*Id.*] Counsel met and conferred by

26  telephone on August 3, 2018. [*Juenger Decl., ¶ 10.*] Spy Dialer's counsel could not

27  offer any explanation as to how the notice of removal might be timely, but refused to

28  stipulate to having the action remanded. [*Id.*]

# III.   ARGUMENT

## A.   The Notice of Remand Was Untimely

28 U.S.C. 1446(b)(1) states:

> "The notice of removal of a civil action or proceeding **shall be filed within 30 days** after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

(Emphasis added.)

"The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009)(citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

The notice of removal makes clear that Spy Dialer understood when it received the Complaint in April 2018 that there was a basis for removal, since it was based on claims Spy Dialer was pursing in federal courts,[1] and because the parties were diverse and the amount in controversy exceeded $75,000. Spy Dialer filed the verified Answer on May 10, 2018. Spy Dialer filed the Central District of California action on May 31, 2018. Yet the notice of removal was not filed until July 26, 2018 – more than 30 days past any of those events. Spy Dialer has no explanation as to why it

---

[1]   The federal action currently pending in the Central District of California (Case No. 5:18-CV-1178) was filed on May 31, 2018, which was after the Complaint in this action was served on Spy Dialer. However, Spy Dialer had already filed a similar federal action in Eastern District of Virginia, Case No. 1:17-cv-1345, which was dismissed in March 2018. Regardless, the Central District of California action was filed more than 30 days before the notice of removal.

1  waited so long to file the notice of removal.

2       Any argument that the 30-day window did not begin to run because the

3  Complaint does not on its face demonstrate grounds for removal fails, because there

4  was no subsequent paper that would trigger the second 30-day window. "[I]f the

5  removability of a case is not apparent from the face of the complaint, the case is not

6  'rendered removable' until after defendant receives 'an amended pleading, motion,

7  order or other paper' containing the necessary basis for removal. Salmonson v.

8  Euromarket Designs, Inc., 2011 U.S. Dist. LEXIS 61538, *9, 2011 WL 2292234,

9  quoting 28 U.S.C. § 1446(b). *See also* Carvalho v. Equifax Info. Servs., LLC, 629

10  F.3d 876, 885-887 (9th Cir. 2010)(second window for removal is triggered by

11  "receipt" of an "other paper" as the term is used in § 1446(b)). "[I]t is therefore

12  possible for a Notice of Removal to be filed too early to comply with § 1446(b)."

13  Salmonson, at *16.

14       There was no paper received in the Riverside action that could have possibly

15  triggered 28 U.S.C. § 1446(b)'s second 30-day window. Indeed, the only papers filed

16  by Reya in the Riverside Superior Court within 30 days of the notice of removal were

17  a notice that Spy Dialer did not oppose the demurrer to the Answer, and a notice of

18  ruling that the demurrer was sustained, neither of which set forth any basis for

19  removal. [*Juenger Decl., ¶ 11; Exhibits B, E.*]

20       Whether because it was filed too early or too late, there is no question that Spy

21  Dialer's notice of removal was untimely. This action must be remanded.

22       **B.**    **Attorney's Fees Should Be Awarded Pursuant to 28 U.S.C. § 1447(c)**

23       "An order remanding the case may require payment of just costs and any actual

24  expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §

25  1447(c). Such an award is appropriate where the moving party "lacked an objectively

26  reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S.

27  132, 141 (2005).

28       Spy Dialer did not have any objectively basis for seeking removal, since there

1  is no dispute that the notice of removal was untimely. Spy Dialer's attempt at removal

2  appears to have been a tactical ploy: Spy Dialer did not oppose a demurrer to the

3  Answer, and failed to respond to discovery (after requesting an extension), apparently

4  believing there would be no repercussions if the action was removed. That scheme

5  backfired since the notice of removal was untimely. Regardless, Reya was forced to

6  incur attorney's fees totaling $1,700 as a result of Spy Dialer's procedural

7  gamesmanship that was not based on an objectively reasonable basis for removal,

8  which Spy Dialer should be ordered to pay. [*Juenger Decl., ¶ 12.*]

9  **IV.   CONCLUSION**

10        Based on the foregoing, the motion for remand must be granted, and Spy Dialer

11  should be ordered to pay Reya $1,700 pursuant to 28 U.S.C. § 1447(c).

12  Dated: August 24, 2018                    GUTMAN LAW

13

14                                       By:  ____/s/ John Juenger_____
                                              John Juenger
                                              Attorneys for Defendant
15                                            REYA LLC

16

17

18

19

20

21

22

23

24

25

26

27

28