# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 18-1580 FMO (SHKx) | Date | August 29, 2018 |
|---|---|---|---|
| Title | Reya LLC v. Spy Dialer, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):     Attorney Present for Defendant(s):

None Present                               None Present

**Proceedings:**     (In Chambers) Order Remanding Action

     On March 22, 2018, Reya LLC ("plaintiff") filed a Complaint in the Riverside County Superior Court against Spy Dialer, Inc. ("defendant" or "Spy") seeking only declaratory relief. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt. 1-1, Complaint). On July 26, 2018, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441, and federal question grounds pursuant to 28 U.S.C. § 1331. (See Dkt. 1, NOR at ¶¶ 4-5 & 7-12). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

     "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

     In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 18-1580 FMO (SHKx)** | Date | **August 29, 2018** |
|---|---|---|---|
| Title | **Reya LLC v. Spy Dialer, Inc.** | | |

doubts in favor of remanding the action to state court.¹  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction or federal question jurisdiction.  Therefore, removal was improper.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

I.  FEDERAL QUESTION JURISDICTION.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).²  District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115,

---

¹ An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

² 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 18-1580 FMO (SHKx)** | Date | **August 29, 2018** |
|---|---|---|---|
| Title | **Reya LLC v. Spy Dialer, Inc.** | | |

1120 (9th Cir. 2011) (quoting Caterpillar, 482 U.S. at 392, 107 S.Ct. at 2429). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health and Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000). The existence of a federal defense is not enough to justify removal to federal court. See Caterpillar, 482 U.S. at 393, 107 S.Ct. at 2430 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint[.]") (emphasis in original).

Defendant asserts that "[t]he facts on which Plaintiff's Complaint is based are described more fully in Defendant's Complaint filed in Case 5:18-CV-1178[.]" (See Dkt. 1, NOR at ¶ 5). According to defendant, its Complaint in Case No. CV 18-1178 "alleges causes of action which arise under the laws of the United States, namely (1) the Computer Fraud & Abuse Act, 18 U.S.C. §[§] 1030 et seq.; (2) the Electronic Communications Privacy Act, 18 U.S.C. §[§] 2510 et seq.; and (3) the Lanham Act, §[§] 1125 et seq." (Id. at ¶ 6).

Notwithstanding what appears to be a related case, defendant provides no evidence or argument that shows how the instant Complaint – the Complaint upon which removal was based – provides a basis for removal on federal question (or diversity) grounds. (See, generally, Dkt. 1, NOR). Indeed, plaintiff's Complaint is devoid of any federal claims. (See, generally, Dkt. 1-1, Complaint). Thus, defendant's removal on federal question grounds was plainly improper because a defendant may not remove a case on the basis of a complaint in a related federal case. See Frabricus v. Freeman, 466 F.2d 689, 693 (7th Cir. 1972) ("That a related case was pending in federal court was not in itself sufficient grounds for removal under 28 U.S.C. § 1441."); In re Estate of Tabas, 879 F.Supp. 464, 467 (E.D. Pa. 1995) ("[T]he supplemental jurisdiction statute does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action."); Residential Funding Real Estate Hldgs., LLC v. Chavez, 2010 WL 3220065,*2–3 (C.D. Cal. 2010) (concluding that removal of unlawful detainer action to federal court was not proper simply because defendant was also a plaintiff in a related case involving the same property and parties that was already pending in federal court); U.S. Bank Nat'l Ass'n v. Lasoff, 2010 WL 669239,*1 (C.D. Cal. 2010) ("When none of the claims in the action provide an independent basis for federal jurisdiction, supplemental jurisdiction does not come into play. A case cannot be removed on the basis that the claims it raises are related to claims asserted in a separate federal action."); Orcilla v. Bank of Am., 2010 WL 3834330, *1 (N.D. Cal. 2010) (same); Flower v. Wachovia Mortgage FSB, 2009 WL 975811,*9 (N.D. Cal. 2009) ("[I]t is well-settled that '[t]he supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction.'") (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1580 FMO (SHKx) | Date | August 29, 2018 |
|---|---|---|---|
| Title | Reya LLC v. Spy Dialer, Inc. | | |

II. DIVERSITY JURISDICTION.

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant").  Defendant suggests that diversity jurisdiction exists because plaintiff "is a Wyoming limited liability company[,]" (see Dkt. 1, NOR at ¶ 11; Dkt. 1-1, FAC at ¶ 1), while Spy is a California corporation.  (See Dkt. 1, NOR at ¶ 12).

However, plaintiff is a limited liability company.  (See Dkt. 1-1, Complaint at ¶ 1) ("Plaintiff Reya LLC is a Wyoming limited liability company.").  Limited liability companies ("LLCs") are treated like partnerships rather than corporations for the purpose of determining citizenship, and are deemed "a citizen of every state of which its owners/members are citizens."[3]  Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen.").  "There is no such thing as 'a [state name] limited partnership' for purposes of . . . diversity jurisdiction.  There are only partners, each of which has one or more citizenships."  Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted).  Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction.  See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction.").  Here, Spy has failed to identify, must less set forth the citizenship of, each of plaintiff's owners and partners.  (See, generally, Dkt. 1, NOR).  In short, it has failed to show that complete diversity of the parties exists.[4]

In addition to failing to establish diversity of citizenship of the parties, Spy has failed to meet

---

 [3] If a member of an LLC is a corporation, then the state of that member's incorporation and its principal place of business must be shown.

 [4] Under the forum defendant rule, removal on the basis of diversity is "confine[d] . . . to instances where no defendant is a citizen of the forum state."  See Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006), cert. denied, 549 U.S. 1207 (2007); see also 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  Although the forum defendant rule is a waivable, non-jurisdictional defect, see Lively, 456 F.3d at 942, that can easily be challenged by the filing of a motion to remand, it is worth noting that Spy is a forum defendant.  (See Dkt. 1, NOR at ¶ 12) (stating that Spy's citizenship is California).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 18-1580 FMO (SHKx) | Date | August 29, 2018 |
|---|---|---|---|
| Title | Reya LLC v. Spy Dialer, Inc. | | |

its burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold of $75,000. See 28 U.S.C. § 1332[5]; see Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court.") (footnotes omitted). Here, plaintiff seeks only declaratory relief in its Complaint. (See, generally, Dkt. 1-1, Complaint at 27, "Prayer for Relief"). Although the value of declaratory relief may be considered as part of the amount in controversy, see Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 775 (9th Cir. 2017) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.") (internal quotation marks omitted), Spy provides no analysis – other than again referencing the Complaint in the other case – as to the amount in controversy put at issue by plaintiff's request for declaratory relief. (See, generally, Dkt. 1, NOR).

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Spy has overcome the presumption against removal. See id. Spy has not met its burden of demonstrating the existence of either diversity or federal question jurisdiction. See supra at § I-II; see also Matheson, 319 F.3d at 1090; Caterpillar Inc., 519 U.S. at 68, 117 S.Ct. at 472; Frabricus, 466 F.2d at 693.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Riverside, 4050 Main Street, Riverside, CA 92501, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

3. All pending motions are denied as moot.

---

[5] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **ED CV 18-1580 FMO (SHKx)** | Date | **August 29, 2018** |
|---|---|---|---|
| Title | **Reya LLC v. Spy Dialer, Inc.** | | |

Initials of Preparer    vdr